```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

| | |
|---|---|
| JOSIAH BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:13-CV-337 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on the motion to dismiss filed by the respondent on September 3, 2013, and the motion to grant the petition filed by the petitioner on September 18, 2013. For the reasons set forth below, the motion to dismiss (DE 10) is **GRANTED** and the motion to grant the petition (DE 11) is **DENIED.**

DISCUSSION

Josiah Boyd, a *pro se* prisoner initiated this case by filing a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus attempting to challenge the prison disciplinary proceeding (MCF 12-06-639) held at the Miami Correctional Facility on July 6, 2012. Boyd was sanctioned with the loss of 60 days of earned credit time and demoted to from Credit Class 1 to Credit Class 2. The respondent has now filed a motion to dismiss arguing that, "Because the conviction and sanction challenged in the Petition for Writ of Habeas Corpus in this case have been vacated, this proceeding is now moot and this Court lacks a case or controversy to adjudicate."

DE 10 at 2. In addition the respondent has submitted a letter from the Indiana Department of Correction indicating that the sanctions imposed as a result of that hearing were vacated and credited back. DE 10-7.

In response, Boyd filed a motion asking that the court grant his habeas petition. Boyd argues that he has been re-tried and found guilty again on July 23, 2013. He does not dispute that his original loss of credit time was restored; rather he argues that it was double jeopardy to have tried him a second time. However, this habeas petition is a challenge to the July 6, 2012, hearing – not the July 23, 2013, hearing. As to the July 6th hearing, it was vacated. That is to say, Boyd won. Though the respondent conceded by granting him a re-hearing, Boyd could not have obtained any better result if he had litigated this case to a final judgment. That is to say, even if this court had granted him habeas corpus in this case and vacated the sanctions imposed on July 6th, the prison could have still re-charged him with the same prison disciplinary violation and given him a new hearing.

Boyd argues that this is double jeopardy, but double jeopardy is not applicable to prison disciplinary proceedings because such a hearing does not constitute "prosecution" for double jeopardy purposes. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) (holding that an acquittal in an earlier prison disciplinary hearing did not bar a subsequent hearing to consider the very same

charge); and *Garrity v. Fiedler*, 41 F.3d 1150, 1152-53 (7th Cir. 1994) (holding that prison disciplinary proceedings do not bar a subsequent criminal prosecution for the same offense).

Though Boyd could challenge the July 23rd hearing, he would have to do so in a different habeas corpus case after he has exhausted his administrative remedies. This case is about the July 6th hearing and there are no issues left to adjudicate about that hearing. Thus, this case must be dismissed because there is no case or controversy to adjudicate. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003).

CONCLUSION

For the reasons set forth above, the motion to dismiss (DE 10) is **GRANTED** and the motion to grant the petition (DE 11) is **DENIED**.

DATED: September 23, 2013              /s/RUDY LOZANO, Judge
                                       United State District Court